## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CHRISTOPHER B. MONTGOMERY**                    **CIVIL ACTION**

**VERSUS**                                       **NO. 20-756**

**ANNETTE LOGSDON, R.N., ET AL.**                **SECTION: "R"(1)**

## REPORT AND RECOMMENDATION

Plaintiff, Christopher B. Montgomery, a paraplegic inmate, filed this civil action alleging that his rights were violated while he was incarcerated at the Plaquemines Parish Detention Center.[1]  He asserted claims pursuant 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act ("RA").

Egan Medical Staffing, LLC ("Egan") has filed a motion to dismiss.[2]  Plaintiff filed a response in opposition,[3] to which Egan then filed a reply.[4]  For the following reasons, it is recommended that the motion be **GRANTED** and that claims against Egan be **DISMISSED WITH PREJUDICE**.[5]

### I.  Plaintiff's Allegations

Plaintiff's Amended and Superseding Complaint is the operative complaint in this matter.[6] In that Amended and Superseding Complaint, he made the following allegations against Egan:

---

[1] Plaintiff is no longer incarcerated at that facility; he is currently incarcerated at the Medical Center for Federal Prisons in Springfield, Missouri.
[2] Rec. Doc. 127.
[3] Rec. Doc. 131.
[4] Rec. Doc. 136.
[5] The remaining defendants have neither joined in the motion nor filed separate motions of their own.  Therefore, the claims against the remaining defendants are not addressed herein.
[6] "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts by reference the earlier pleadings." MacFarland v. Walker, No. 99-30705, 2000 WL 633450, at *1 (5th Cir. Apr. 27, 2000); accord Bureau Veritas Commodities and Trade, Inc., Civ. Action

21)     Defendant, Egan Caregivers, failed to carry out wound care specialist orders/or recommendations by failing to obtain a wound VAC and protein supplements (Ensure)

22)     Defendant, Egan Caregivers, deprived plaintiff of a proper working air-loss mattress for over a year

23)     Defendant, Egan Caregivers, alters medical records of Mr. Montgomery's

24)     Defendant, Egan Caregivers, refused the plaintiff of wound care

25)     Defendant, Egan Caregivers, refused to fix or replace broken brakes on the plaintiff's wheelchair

27) [sic] Defendant, Egan Caregivers, failed to take the appropriate action and necessary measures to protect and preserve Mr. Montgomery health and safety

28)     Defendant, Egan Caregivers, deprived Mr. Montgomery of his Constitutional Right to adequate medical care[7]

## II.  Plaintiff's Claims

### A.  § 1983 Claims

Plaintiff sued Egan pursuant to 42 U.S.C. § 1983.  In pertinent part, that statute provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

---

No. 20-3374, at *2 (E.D. La. May 26, 2021).  Here, the Amended and Superseding Complaint does not adopt by reference any other pleadings.  Moreover, in allowing plaintiff to file a motion for leave to file an amended and superseding complaint, this Court expressly held:

> Plaintiff must attach to that motion the proposed amended and superseding complaint, and the proposed filing **must** include the **name** of each individual or entity plaintiff seeks to sue and **a short and plain statement of each claim** plaintiff wishes to assert against each such individual or entity.  See Fed. R. Civ. P. Rule 8(a). If plaintiff's motion is granted, then the amended and superseding complaint will replace all prior versions of his complaint; therefore, the proposed amended or superseding complaint must incorporate **all claims** plaintiff intends to pursue in this matter.  **Any claims which appear in a prior version of the complaint but which are omitted from the amended and superseding complaint will be deemed abandoned.**

Rec. Doc. 87, p. 1.
[7] Rec. Doc. 92, pp. 5-6.

Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983.  Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).

### 1.  Has Plaintiff Alleged the Violation of a Federally Protected Right?

The first question, therefore, is whether plaintiff has alleged "the violation of a right secured by the Constitution and laws of the United States."  Clearly, he has.  He contends that Egan violated his federal constitutional right to medical care.  That right is violated when the defendant "is aware of and disregards a substantial risk of serious harm to the convicted prisoner, Farmer v. Brennan, 511 U.S. 825, 834, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), or pretrial detainee, Hare v. City of Corinth, Miss., 74 F.3d 633, 639, 650 (5th Cir. 1996) (en banc)."  Rhine v. Ellison, 537 F. App'x 410, 411 (5th Cir. 2013).  With respect to that right, the United States Fifth Circuit Court of Appeals has explained:

> Pretrial detainees and convicted prisoners … look to different constitutional provisions for their respective rights to basic needs such as medical care and safety. The constitutional rights of a convicted state prisoner spring from the Eighth Amendment's prohibition on cruel and unusual punishment, see Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976), and, with a relatively limited reach, from substantive due process.  The constitutional rights of a pretrial detainee, on the other hand, flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment.  See Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

Hare, 74 F.3d at 639.  Nevertheless, the applicable standard for such claims involving medical care is the same under both amendments.  See, e.g., Gibbs v. Grimmette, 254 F.3d 545, 548 (5th Cir. 2001) ("This Court has recognized that there is no significant distinction between pretrial detainees

3

and convicted inmates concerning basic human needs such as medical care."). Specifically, both amendments prohibit deliberate indifference to an inmate's serious medical needs. Cleveland v. Bell, 938 F.3d 672, 676 (5th Cir. 2019) ("The Supreme Court has said the Eighth Amendment prohibits 'deliberate indifference' to a prisoner's medical needs. And we've held the same rule applies to pretrial detainees … under the Fourteenth Amendment." (citation omitted)).

## 2.  Was Egan Acting Under Color of State Law?

The second question is whether Egan was "acting under color of state law." Although Egan is a private corporation rather than a governmental entity, it does not dispute that it was acting under color of state law when it, in its words, "provide[d] caregivers and nurses for certain elements of inmate care at [the Plaquemines Parish Detention Center]."[8]

## 3.  Are Plaintiff's Allegations Sufficient to State a Claim Against Egan?

Despite finding that plaintiff has overcome those preliminary hurdles, the Court's inquiry is not finished. Rather, the Court must next determine whether plaintiff's underlying allegations are sufficient to state a claim against Egan. For the following reasons, they are not.

Again, Egan is a private corporation, and although plaintiff has alleged that Egan's **employees** violated his rights, it does not necessarily follow that Egan itself can be held vicariously liable for those purported violations under § 1983. On the contrary, the opposite is true:

> Just as a municipal entity or supervisory official cannot be held vicariously liable for the actions of subordinates under a theory of respondeat superior, so is a private corporation … not vicariously liable under § 1983 for its employees' deprivations of others' civil rights. Alfred v. Corr. Corp. of America, No. 08-CV-0643, 2009 WL 789649 at *2 (W.D. La. Mar. 24, 2009); Phillips [v. Corr. Corp. of America, No. 02-CV-0766], 2006 WL 1308142 at *3 [(W.D. La. May 10, 2006)]. To the extent that a prisoner's claim of liability against a private corporation performing a governmental function is based only upon the actions of the

---

[8] Rec. Doc. 127-1, p. 3.

corporation's employees, "... any such claim fails as a matter of law." Phillips, 2006 WL 1308142 at *3 (citing Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir.), cert. denied, 534 U.S. 820, 122 S.Ct. 53 (2001)).

Chapman v. Correct Care Solutions, Civ. Action No. 16-13034, 2017 WL 535333, at *2 (E.D. La.

Jan. 19, 2017) (North, M.J.), adopted, 2017 WL 530342 (E.D. La. Feb. 9, 2017) (Africk, J.).

Rather, Egan itself can be held liable only if the purported constitutional violations resulted

from Egan's own corporate policies or customs.  In other words:

> [The plaintiff] must prove the existence of a policymaker, an official policy, and a violation of the plaintiff's constitutional rights for which the moving force was the policy or custom.  See Duvall v. Dall. Cnty., Tex., 631 F.3d 203, 209 (5th Cir. 2011); Piotrowski v. City of Hous., 237 F.3d 567, 578 (5th Cir. 2001).  The requirement of a policymaker, an official policy, and the 'moving force' of the policy, serve to distinguish individual violations by government healthcare contractor employees from those that can be fairly considered actions of the government health contractor itself.  Piotrowski, 237 F.3d at 578.

Woodward v. Lopinto, Civ. Action No. 18-4236, 2021 WL 1969446, at *5 (E.D. La. May 17,

2021) (Lemmon, J.).  Therefore, to state a § 1983 claim against Egan, plaintiff must properly allege

that the purported constitutional violations in this case resulted from either an Egan **policy** or

**custom**.  He has not done so.

A policy may be a "policy statement, ordinance, regulation, or decision that is officially

adopted and promulgated" by the policymaker.  See Gates v. Texas Department of Protective and

Regulatory Services, 537 F.3d 404, 436 (5th Cir. 2008).  However, plaintiff has not even

referenced – much less identified – an Egan policy that was purportedly the moving force behind

the alleged violations in this case.

Where, as here, a plaintiff has "not identified any officially adopted policy that [he]

claim[s] is unconstitutional," the plaintiff must be able to point a "custom" that was

unconstitutional.  See id.  A custom is a "**persistent, widespread** practice" which, although not

authorized by officially adopted and promulgated policy, is "so **common and well settled**" as to be a custom that fairly represents official policy.  Id. (emphasis added).  As a result, it is clear that **isolated** violations simply are not sufficient to establish a custom.  Id. at 437; accord Robichaux v. Lafourche Parish Detention Center, Civ. Action No. 17-5680, 2017 WL 5495791, at *9 (E.D. La. Oct. 10, 2017) (Wilkinson, M.J.), adopted, 2017 WL 5483780 (E.D. La. Nov. 15, 2017) (Zainey, J.).  And that is the fatal flaw in plaintiff's § 1983 claims against Egan – he has pointed to nothing more than **isolated** instances of purported misconduct by Egan employees.  That simply does not suffice to allege a "custom" which would expose Egan to liability under § 1983.

## B.  ADA and RA Claims

Plaintiff also sued Egan under the ADA and the RA.  Those are anti-discrimination statutes which provide certain protections to qualified individuals with disabilities.[9]  Relevant here, Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  Similarly, the RA provides that "[n]o otherwise qualified individual with a disability in the United States … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance …."  29 U.S.C. § 794 (a).  Although the two acts are not identical, the same legal standards apply – and the same remedies are available – under both the ADA and the RA.  Kemp v. Holder, 610 F.3d 231, 234 (5th Cir. 2010).  Therefore, "[j]urisprudence interpreting either section is applicable to both."  Hainze v. Richards, 207 F.3d

---

[9] Egan apparently does not dispute that plaintiff is a qualified individual with a disability under the acts.

795, 799 (5th Cir. 2000).  As a result, courts typically "treat [such] claims coextensively and analyze them together as though they were a single claim."  Arce v. Louisiana, 226 F. Supp. 3d 643, 649 (E.D. La. 2016).

Egan argues that plaintiff's ADA and RA claims fail because they simply challenge the adequacy of plaintiff's medical care and are premised on the same allegations as his § 1983 claims. The undersigned agrees.  A plaintiff is not allowed to repackage what are essentially medical claims as ADA and RA claims.  See Walls v. Texas Department of Criminal Justice, 270 F. App'x 358, 359 (5th Cir. 2008) (noting that a claim which "is simply a restatement of [a § 1983] denial-of-medical-care claim" is "not properly brought under the ADA"; "The ADA does not set out a standard of care for medical treatment."); Hale v. Abangan, Civil Action No. 3:15-cv-170, 2018 WL 1053520, at *3 (S.D. Miss. Jan. 26, 2018) ("A claim is not proper under the ADA if it is simply a restatement of a claim for the denial of medical care."), adopted, 2018 WL 1041691 (S.D. Miss. Feb. 23, 2018).  This holds true because "[t]he ADA is not violated by a prison's simply failing to attend to the medical needs of its disabled prisoners." Nottingham v. Richardson, 499 F. App'x 368, 377 (5th Cir. 2012) (quotation marks omitted)); see also Cadena v. El Paso County, 946 F.3d 717, 726 (5th Cir. 2020) ("[T]he ADA does not typically provide a remedy for negligent medical treatment."); Whetstone v. Hall, No. 4:17CV158, 2018 WL 1022586, at *2 (N.D. Miss. Feb. 22, 2018) ("The ADA and RA exist to protect individuals from being discriminated against because they have disabilities; **they do not exist to challenge a person's treatment for a disability**." (emphasis added)).

Further, it must be noted that, as Egan also argues, plaintiff's ADA and RA claims additionally fail for another reason:  they simply do not allege **disability-based** discrimination.

Egan opines that plaintiff "fails to state a claim because there are no facts suggesting that the alleged discrimination was based on Plaintiff's disability.  Nowhere in the filed Complaints does Plaintiff allege that he was discriminated against because of his paraplegia."[10]  That, too, is correct.  "To make out a *prima facie* case under Title II or the Rehabilitation Act, a plaintiff must show '(1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is **by reason of his disability**.'"  Cadena, 946 F.3d at 723 (emphasis added; quoting Melton v. Dallas Area Rapid Transit, 391 F.3d 669, 671-72 (5th Cir. 2004)).  Here, as Egan accurately notes, there is no indication that plaintiff was treated differently **because** of his disability.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the motion to dismiss filed by Egan Medical Staffing, LLC, Rec. Doc. 127, be **GRANTED** and that plaintiff's claims against that defendant be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

---

[10] Rec. Doc. 127-1, p. 8 (footnote omitted).

result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

    New Orleans, Louisiana, this  <u> 25th </u>  day of April, 2022.


                **JANIS VAN MEERVELD**
                **UNITED STATES MAGISTRATE JUDGE**