UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTOPHER B. MONTGOMERY, JR. | CIVIL ACTION |
| VERSUS | NO. 20-756 |
| ANNETTE LOGSDON, R.N., ET AL. | SECTION "R" (1) |

### ORDER AND REASONS

Before the Court is defendant Egan Medical Staffing, LLC's ("Egan") motion to dismiss plaintiff Christopher Montgomery's claims under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and 42 U.S.C. § 1983.[1] On May 10, 2022, Magistrate Judge van Meerveld issued a Report & Recommendation ("R&R") recommending that plaintiff's claims against Egan be dismissed with prejudice for failure to state a claim.[2] Plaintiff filed an objection on May 11, 2022.[3] The Court has reviewed *de novo* plaintiff's amended and superseding complaint,[4] the record, the applicable law, the R&R, and plaintiff's objection. The Court concludes that the Magistrate Judge correctly determined that plaintiff has failed to state a claim against Egan.

---

[1] R. Doc. 127.
[2] R. Doc. 137.
[3] R. Doc. 139.
[4] R. Doc. 92.

In his amending and superseding complaint, plaintiff alleges that Egan, which provided caregivers and nurses for inmate care at the Plaquemines Parish Detention Center where plaintiff was incarcerated, failed to meet his medical needs in violation of the Eighth Amendment, the ADA, and the RA.[5]  In particular, plaintiff alleges that Egan employees failed to procure a proper mattress for him, to provide adequate wound care, and to fix the brakes on his wheelchair.[6]

Magistrate Judge van Meerveld correctly held that plaintiff's claims against Egan must be dismissed.  With respect to plaintiff's constitutional claim, "to establish [a private prison-management corporation]'s liability under § 1983, [the plaintiff] must prove the existence of a policymaker, an official policy, and a violation of the plaintiff's constitutional rights for which the moving force was the policy of custom." *See Woodward v. Lopinto*, No. 18-4236, 2021 WL 1969446, at *5 (E.D. La. May 17, 2021); *see also Gates v. Texas Dep't of Protective and Regul. Servs.*, 537 F.3d 404, 436 (5th Cir. 2008) ("It is well established that governmental liability under § 1983 must be premised on a government policy or custom that causes the alleged constitutional deprivation.").  Plaintiff alleges that Egan employees violated

---

5    R. Doc. 92 at 5-6.
6    R. Doc. 92 at 5-6.

2

his own rights; he does not contend that they acted pursuant to an unconstitutional policy or custom adopted by Egan.

Plaintiff's ADA and RA claims likewise fail. As an initial matter, the allegations supporting plaintiff's ADA and RA claims are the same as those supporting his constitutional claim. *See Walls v. Texas Dep't of Criminal Justice*, 270 F. App'x 358, 359 (5th Cir. 2008) (a claim that is "simply a restatement of [a § 1983] denial-of-medical-care claim" is "not properly brought under the ADA"). But "[t]he ADA does not set out a standard of care for medical treatment," *id.*, nor is it "violated by a prison's simply failing to attend to the medical needs of its disabled prisoners," *Nottingham v. Richardson*, 499 F. App'x 368, 377 (5th Cir. 2012). Further, plaintiff does not allege that he was denied care on the basis of his disability status, which is required to make out a *prima facie* case under the ADA and the RA. *See Cadena v. El Paso Cty.*, 946 F.3d 717, 724 (5th Cir. 2020).

Plaintiff's objection does not cure the deficiencies in the operative complaint. In his objection, plaintiff reiterates that Egan mistreated him and denied him critical medical care in violation of the Eighth Amendment.[7] But plaintiff cannot point to a policy or custom of denying constitutional rights; rather, he asserts that "[w]hatever policy or procedures Egan has they

---

7     R. Doc. 139 at 3.

3

[cannot] violate the constitution[.]"[8] His objection likewise fails to cure the issues with his ADA and RA claims—he still does not allege any facts separate from those supporting his section 1983 claim, nor does he allege that he was discriminated against on the basis of his disability. The points raised in plaintiff's objection are adequately addressed in the R&R. The Court thus adopts the R&R as its opinion.

Accordingly, plaintiff's claims against Egan are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __30th__ day of August, 2022.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[8]     *Id.*